UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CYNTHIA RENA HAYES CANNON                                                                PLAINTIFF

v.                                                                                                    No. 3:24-cv-58-JMV

COMMISSIONER OF SOCIAL SECURITY                                                   DEFENDANT

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff's motion [15] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, the motion will be granted.

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Order [13] reversed the Commissioner's decision and remanded to the Social Security Administration on July 10, 2024, for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff, through her motion, sought attorney fees in the amount of $3,002.00. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, Plaintiff's attorney spent a total of 11.8 hours on this case in 2024 at a rate of $241.15 per hour. Plaintiff's attorney's paralegals spent a total of 1.7 hours on this case in 2024 at a rate of $100.00 per hour. A prevailing party that satisfies EAJA's requirements may recover its paralegal fees from the Government at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

The Court, having thoroughly considered the motion, noting that the defendant does not oppose the award of EAJA fees, and the applicable law, finds the award is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $3,002.00 in attorney fees for the benefit of her counsel. As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 3rd day of October, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**