**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **CYNTHIA RENA HAYES CANNON** | **PLAINTIFF** |
| **v.** | **NO. 3:24-CV-58-JMV** |
| **COMMISSIONER OF SOCIAL SECURITY** | **DEFENDANT** |

**ORDER REQUIRING PLAINTIFF TO FILE A REPLY IN SUPPORT OF MOTION FOR FEES**

Before the Court is Plaintiff's motion for an award of $22,167.75 in attorney fees pursuant to Section 206(b)(1) of the Social Security Act [Doc. 17]. Plaintiff requests approval of a payment to her counsel of $19,165.75 from her past due benefits,[1] equal to the requested fee minus the required refund of previously awarded EAJA fees. The government filed a response [Doc. 19], but "neither supports nor opposes counsel's request for attorney's fees." Having considered the motion, the undersigned will require Plaintiff to file a reply in support of her motion for fees in order to address the discrepancies cited herein.

Cynthia Rena Hayes Cannon filed her action in this Court on March 4, 2024, to appeal the Commissioner's decision denying her application for disability benefits. [Doc. 1]. On July 10, 2024, this Court entered a Final Judgment [Doc. 14] granting the Defendant's consent motion to remand this case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 13]. Plaintiff's counsel was awarded $3,002.00 in fees pursuant to the Equal Access to Justice Act. [Doc. 16]. Following the Court's reversal and remand, the Commissioner issued a favorable decision, and on June 9, 2025, issued a Notice of Award of past-

[1] $22,167.75 minus $19,165.75 equals the previously awarded EAJA fee of $3,002.00.

due benefits. [Doc. 17] – Exh. 1.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Sumner v. Comm'r of Soc. Sec.*, No. 4:24-CV-122-DAS, 2025 WL 2627421, at *2 (N.D. Miss. Sept. 11, 2025), citing *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). "It is within the court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand." *Id.*, citing *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016). However, "[m]any of the cases in which a § 406(b) motion has been found untimely have involved a delay of more than one year. *See, e.g.*, *id.* (counsel offered no explanation for the delay); *Londo v. McMahon*, No. 06-2087, 2009 WL 87595, at *2 (W.D. La. Jan. 12, 2009) (counsel failed to support motion with any evidence of an NOA and did not respond to defendant's arguments)." *Tate*, 2016 WL 744474, at *3 (S.D. Miss. Feb. 23, 2016).

Here, the Notice of Award is dated June 9, 2025, but the instant motion for 406(b) fees was not filed until over one year later on July 21, 2026. No explanation for the delay has been provided. **Accordingly, the Court's first requirement is for Plaintiff to address the tardiness of the motion for 406(b) fees, and to provide case law supporting Plaintiff's position that the motion was filed within a reasonable time.**

Secondly, as acknowledged by Plaintiff, an attorney's fee award under Section 406(b) for court representation may not exceed 25% of the past-due benefits awarded to Plaintiff, payable

"out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A). In this case, Plaintiff avers that the Notice of Award "does not explicitly describe the total amount awarded to plaintiff in past due benefits." [Doc. 17] at 1. Instead, counsel averred first that Plaintiff was awarded "approximately $90,000 in past due benefits," and Plaintiff reached that approximation by "multiplying the amount withheld for attorney fees by four." *Id.* Later in the motion, Plaintiff argues that "as a result of counsel's efforts Plaintiff's past-due benefits amount to *slightly more than* $90,000." [Doc. 17] at 3 (emphasis added).

The Notice of Award provides that $22,167.75 was withheld in past due benefits for payment of attorneys fees. The Notice explicitly states that "[w]e cannot withhold more than 25 percent of past-due benefits to pay an authorized fee. We withheld $22,167.75 from your past-due benefits to pay the representative." Ex. A to [Doc. 17]. $22,167.75 times four equals $88,671.00, which is slightly less than $90,000. **Thus, the Court's second requirement is for Plaintiff to confirm the total amount of past-due benefits met or exceeded $88,671.00, in order to verify that $22,167.75 does not exceed twenty-five percent of said past-due benefits.**

As for the third issue, Plaintiff correctly acknowledged in her brief that "[c]ourts may consider several factors in evaluating whether a fee request is reasonable, including risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." [Doc. 18] at 1, citing *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). In her itemization of time, Plaintiff's attorney indicates that she spent a total of 11.8 hours on this matter, with an additional 1.7 hours expended by two of the attorney's paralegals. Dividing the total fee

sought ($22,167.75) by the 11.8 hours of attorney work devoted to this case results in an effective hourly rate of $1,878.62 per billed hour.[2] This effective rate is particularly high. The Court has been unable to find a case in which such a high rate was granted in this Circuit[3], though some courts in other circuits have granted similarly high or even higher rates.[4]

When describing the experience of the attorney, Plaintiff states as follows:

> The undersigned has been practicing in the area of Social Security law for almost 40 years and has in the course of that practice personally represented approximately 20,000 claimants in their administrative hearings; he has also personally represented or overseen the representation of approximately 7000 claimants in appeals to federal district courts nationwide.

[Doc. 18] at 1. This paragraph does not appear to describe Plaintiff's attorney—who, according to her firm's website, is a female, is serving as Managing Partner of Osterhout Berger Daley, and

---

[2] Courts in the Fifth Circuit typically use only the attorney's billed hours when looking at effective hourly rate as a tool to analyze reasonableness of fee awards. *See Moreno v. Kijakazi*, No. 1-21-CV-00814-RP, 2024 WL 1207159, at *3 (W.D. Tex. Feb. 28, 2024), report and recommendation adopted, No. 1:21-CV-814-RP, 2024 WL 1200961 (W.D. Tex. Mar. 20, 2024).

[3] *Jenkins v. Dudek*, No. 4:19-CV-3831, 2025 WL 723030, at *4 (S.D. Tex. Mar. 6, 2025)(finding effective hourly rate of $1,415.68 was reasonable); *Kirkpatrick v. Saul*, No. 3:16-cv-337, 2019 WL 2913837 (S.D. Tex. July 8, 2019) (approving $937.50 hourly rate); *Wilson v. Berryhill*, No. 3:13-cv-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *report and recommendation adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding $937.50 a reasonable hourly rate); *Sabourin v. Colvin*, No. 3:11-cv-2109, 2014 WL 3949506, at *2 (N.D. Tex. Aug. 12, 2013) (finding "$1,245.55 per hour" was not an unreasonable request)

[4] *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *2-4 (W.D. Wash. Feb. 18, 2022) (hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. 2023) (hourly rate of $1,900); *Timothy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01708-AR, 2023 WL 1071604, at *2 (D. Or. Jan. 27, 2023) (hourly rate of $1,863.01); *White v. Berryhill*, No. CV 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (hourly rate of $1,612); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)), *adopted by* 2012 WL 1890558; *Mizell v. Astrue*, 2008 WL 536168, at *5–6 (S.D. Ala. Feb. 22, 2008) (awarding § 406(b) fee that resulted in an hourly rate of $1,682.41); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D. W. Va. 2003) (awarding fee amounting to $1,433.12 per hour); *Karyn J. v. Comm'r of Soc. Sec. Admin*., No. 1:19-CV-1144-MLB, 2022 WL 819927, at *2 (N.D. Ga. Mar. 18, 2022) (hourly rate of $1,330.53). *But cf. McDonald v. Kijakazi*, 635 F. Supp. 3d 721, 725 (S.D. Iowa 2022) (rejecting effective hourly rate of $2,499.71 and reducing to effective hourly rate of $850.00).

graduated from Seattle University School of Law in 2009. Such would make it impossible for counsel to have been practicing in the area of Social Security law for almost 40 years. **Accordingly, Plaintiff is ordered to explain these discrepancies so that the Court may adequately address the "experience of the attorney," factor in determining whether the fee request is reasonable.**

**Plaintiff's reply addressing the cited inconsistencies shall be filed no later than August 21, 2026.**

SO ORDERED, this, the 14th day of August, 2026.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE