**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CYNTHIA RENA HAYES CANNON** **PLAINTIFF**

**v.** **NO. 3:24-CV-58-JMV**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEYS FEES**

Before the Court is Plaintiff's motion for an award of $22,167.75 in attorney fees pursuant to Section 206(b)(1) of the Social Security Act [Doc. 17]. For the reasons that follow, Plaintiff's request for approval of a payment to his counsel of $19,165.75,[1] equal to the requested fee minus the required refund of previously awarded EAJA fees, from her past-due benefits is GRANTED.

Cynthia Rena Hayes Cannon filed her action in this Court on March 4, 2024, to appeal the Commissioner's decision denying her application for disability benefits. [Doc. 1]. On July 10, 2024, this Court entered a Final Judgment [Doc. 14] granting the Defendant's consent motion to remand this case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 13]. Plaintiff's counsel was awarded $3,002.00 in fees pursuant to the Equal Access to Justice Act. [Doc. 16]. Following the Court's reversal and remand, the Commissioner issued a favorable decision, and on June 9, 2025, issued a Notice of Award of past-due benefits. [Doc. 17] – Exh. 1. Plaintiff was awarded a lump sum amount of approximately $88,671.00.[2] *Id*. The Agency withheld $22,167.75 to pay Plaintiff's representative. *Id*. Plaintiff

[1] $22,167.75 minus $19,165.75 equals the previously awarded EAJA fee of $3,002.00.
[2] While the Notice of Award attached as Exhibit 1 to the instant motion does not include a precise amount being paid to Plaintiff as past-due benefits, the Notice does specify that the SSA cannot withhold more than 25 percent of past-due benefits to pay an authorized fee, and that the SSA has withheld $22,167.75 from Plaintiff's past-due benefits to pay her representative. *See* [Doc. 17] at Ex. 1.

filed the instant motion [Doc. 17] on July 21, 2026.

In his response to the motion, the Commissioner states he "neither supports nor opposes counsel's request for attorney's fees" and does not take a position as to the reasonableness of counsel's requested fee. Def.'s Br. [Doc. 19] at 1.

On August 14, 2026, the undersigned entered an Order requiring Plaintiff to file a reply in support of the motion for fees in order to address several discrepancies, namely the tardiness of the motion, confirmation of the total amount of past due benefits awarded to Plaintiff, and information related to the experience of the attorney factor so that the Court could determine if the requested fee was reasonable. On August 20, 2026, Plaintiff filed a Supplement to the Motion for Attorney Fees [Doc. 21], wherein she adequately addressed each of the concerns cited by the undersigned. As for the tardiness of the Notice of Award, Plaintiff provided a printout of the activities taken on Plaintiff's behalf by her counsel's office, and clarified that the Notice of Award of Past Due Benefits was not received until July 1, 2026. With respect to the second issue, Plaintiff confirmed that the total amount of past due benefits was $88,671.00. Lastly, Plaintiff named each of the attorneys who worked on the file and exhibited an itemization of time, along with an explanation of the experience of each attorney involved in the case.

In this matter, due to the discrepancy between the fee requested ($22,167.75) and the low number of hours expended representing the claimant (11.8 attorney hours and 1.7 paralegal hours), closer evaluation of the balance between the time expended and reward received is required. The court performs an independent check to ensure the fee is not a windfall to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010). Under Section 406(b), a plaintiff's attorney may receive fees for

work performed in court, but not for work performed in administrative proceedings. *Gisbrecht*, 535 U.S. at 794. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter*, 622 F.3d at 379. "[A]n excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable" *Id*. at 382. "Instead, *Gisbrecht* commands that where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney-and thus not attributable to the attorney's representation of the client before the court. *Id*.

In her itemization of time, Plaintiff's attorney indicates that she spent a total of 11.8 hours on this matter, with an additional 1.7 hours expended by two of the attorney's paralegals. Dividing the total fee sought ($22,167.75) by the 11.8 hours of attorney work devoted to this case results in an effective hourly rate of $1,878.62 per billed hour.[3] This effective rate is particularly high. The Court has been unable to find a case in which such a high rate was granted in this Circuit[4], though some courts in other circuits have granted similarly high or even higher rates.[5] Plaintiff's attorney billed

---

[3] Courts in the Fifth Circuit typically use only the attorney's billed hours when looking at effective hourly rate as a tool to analyze reasonableness of fee awards. *See Moreno v. Kijakazi*, No. 1-21-CV-00814-RP, 2024 WL 1207159, at *3 (W.D. Tex. Feb. 28, 2024), report and recommendation adopted, No. 1:21-CV-814-RP, 2024 WL 1200961 (W.D. Tex. Mar. 20, 2024).

[4] *Jenkins v. Dudek*, No. 4:19-CV-3831, 2025 WL 723030, at *4 (S.D. Tex. Mar. 6, 2025)(finding effective hourly rate of $1,415.68 was reasonable); *Kirkpatrick v. Saul*, No. 3:16-cv-337, 2019 WL 2913837 (S.D. Tex. July 8, 2019) (approving $937.50 hourly rate); *Wilson v. Berryhill*, No. 3:13-cv-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *report and recommendation adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding $937.50 a reasonable hourly rate); *Sabourin v. Colvin*, No. 3:11-cv-2109, 2014 WL 3949506, at *2 (N.D. Tex. Aug. 12, 2013) (finding "$1,245.55 per hour" was not an unreasonable request)

[5] *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *2-4 (W.D. Wash. Feb. 18, 2022) (hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. 2023) (hourly rate of $1,900); *Timothy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01708-AR, 2023 WL

approximately only one third of the typical hours required before this court, likely due to the Commissioner voluntarily seeking and being granted remand of this case prior to briefing. [Doc. 12]. *See Mesecher v. Berryhill*, No. 4:15-cv-859, 2017 WL 4417682, at * 1 (N.D. Tex. Oct. 3, 2017) (noting a typical attorney in a social security case claims "between thirty and forty hours for attorney work."). However, the Court does not find any special factors that indicate that this high fee is unreasonable. Courts have recognized that in contingency representation, attorneys should receive "full compensatory fees" when the client receives "excellent results." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that lawyers who take on contingency cases should receive more when successful because of the intrinsic risk). In social security appeals for disability benefits, "courts have recognized that there is a substantial risk of loss." *Dickerson v. Saul*, No. 4:18-cv-04578, 2021 WL 2156762, at *3 (S.D. Tex. May 27, 2021) (citations omitted). On average, only thirty-five percent of claimants who appealed their case to federal court received benefits. *Id.* (citation omitted). Having fulfilled its obligation, the Court finds the fee request in this case is reasonable.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a

---

1071604, at *2 (D. Or. Jan. 27, 2023) (hourly rate of $1,863.01); *White v. Berryhill*, No. CV 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (hourly rate of $1,612); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)), *adopted by* 2012 WL 1890558; *Mizell v. Astrue*, 2008 WL 536168, at *5–6 (S.D. Ala. Feb. 22, 2008) (awarding § 406(b) fee that resulted in an hourly rate of $1,682.41); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D. W. Va. 2003) (awarding fee amounting to $1,433.12 per hour); *Karyn J. v. Comm'r of Soc. Sec. Admin*., No. 1:19-CV-1144-MLB, 2022 WL 819927, at *2 (N.D. Ga. Mar. 18, 2022) (hourly rate of $1,330.53). *But cf. McDonald v. Kijakazi*, 635 F. Supp. 3d 721, 725 (S.D. Iowa 2022) (rejecting effective hourly rate of $2,499.71 and reducing to effective hourly rate of $850.00).

reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019). Fees under Section 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).

Here, Plaintiff's counsel acknowledges she has already received $3,002.00 in EAJA fees. These EAJA fees must be refunded from the total award of $22,167.75. The Court will credit the prior received fees, and instead, award Plaintiff's attorney $19,165.75, equal to the total fee minus the previously awarded fees.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for attorney fees [Doc. 17] is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $19,165.75 is approved, and counsel is not required to reimburse the claimant for the prior EAJA award, the same having been credited to the Plaintiff in calculating this fee award.

This, the 24th day of August, 2026.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE